DAVID R. WRIGHT (Utah State Bar No. 5164)
KIRK R. HARRIS (Utah State Bar No. 10221)
MICHAEL J. HOWELL (Utah State Bar No. 11672)
MASCHOFF | BRENNAN
201 South Main Street, Suite 600
Salt Lake City, Utah 84111
Telephone:  (435) 252-1360
Facsimile:   (435) 252-1361

Attorneys for Plaintiff LIFETIME PRODUCTS, INC.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| LIFETIME PRODUCTS, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GSC TECHNOLOGIES CORPORATION,<br><br>　　　　　Defendant. | **COMPLAINT FOR PATENT INFRINGEMENT**<br><br>Civil Action No.:  1:16-cv-00038-JNP<br><br>Judge Jill N. Parrish |

Plaintiff Lifetime Corporation, Inc. ("Lifetime") complains and alleges against Defendant GSC Technologies Corporation ("GSC") as follows:

## THE PARTIES

1.　　　Lifetime is a corporation duly organized and existing under the laws of the State of Utah with its principal place of business located at Freeport Center, Bldg. D-11, Clearfield, Utah  84016.

2.　　　Upon information and belief, GSC is a Canadian corporation with its principal place of business at 160 Rue Vanier, Saint-Jean-sur-Richelieu, Quebec, Canada J3B 3R4.

## NATURE OF THE CLAIMS

3.     This is an action for patent infringement and injunctive relief. The products accused of infringement are blow-molded kayaks made, used, offered for sale, sold, or imported by GSC in or into the United States, including sales and offers for sale within this judicial district.

## JURISDICTION AND VENUE

4.     This action arises under the patent laws of the United States, including 35 U.S.C. § 271, which gives rise to the remedies specified under 35 U.S.C. §§ 281, 283, 284, and 285.

5.     This Court has subject matter jurisdiction over Lifetime's claims for relief pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.     Upon information and belief, GSC has sold or contracted for the sale of infringing goods, either directly or through established distribution channels, within the State of Utah. These actions by GSC have resulted in injury to Lifetime and relate to, and in part give rise to, the claims asserted herein.

7.     This Court's exercise of personal jurisdiction over GSC is proper and consistent with the Constitutions of the United States and the State of Utah. Moreover, this Court has personal jurisdiction over GSC pursuant to the Utah Long Arm Statute, Utah Code Ann. § 78B-3-205.

8.     Pursuant to 28 U.S.C. § 1391(c), GSC is deemed to reside in this judicial district for purposes of venue.

9.     Venue is proper in this judicial district pursuant to, at least, 28 U.S.C. §§ 1391 (b)(1), 1391(b)(2), 1391(b)(3), and 1400(b).

## BACKGROUND

10.     Lifetime is an award-winning innovator in the field of blow-molded products such as consumer products, office products, and plastic sports equipment, including kayaks, which have superior strength and durability.

11.     Lifetime's technological innovations in the field of kayaks are protected by a portfolio of utility patents which includes United States Patent Nos. 8,616,142 and 9,114,860 (hereinafter individually referred to as the "'142 Patent" and the "'860 Patent" respectively, and collectively referred to as the "Patents"), true and correct copies of which are attached hereto as Exhibits A and B.

12.     The '142 Patent, entitled "Kayak," was duly and legally issued by the United States Patent and Trademark Office on December 13, 2013.

13.     The '860 Patent, also entitled "Kayak," was duly and legally issued by the United States Patent and Trademark Office on August 25, 2015.

14.     Lifetime is the owner by assignment of the Patents.

15.     Lifetime has not licensed GSC to practice the Patents and GSC does not have any right or authority to practice the Patents.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### Infringement of the '142 Patent

16.     Lifetime restates, re-alleges, and incorporates by this reference the allegations contained in the preceding paragraphs as if fully set forth herein.

17.     GSC has directly infringed, continues to directly infringe, and unless and until enjoined by this Court, will continue to infringe, literally or under the doctrine of equivalents, at least Claim 1 of the '142 Patent by making, using, offering for sale, selling, or importing kayaks in this judicial district and elsewhere in the United States (directly or through intermediaries),

which kayaks have a body that includes, among other things, (i) a hull with an open bow, (ii) a ramp in the body that slopes downwardly toward the stern of the kayak, (iii) a reverse chine geometry incorporated in a portion of the bottom of the hull, which reverse chines are defined in part by two longitudinal recesses extending along a substantial portion of the bottom of the hull and terminating proximate the stern, and (iv) a chine positioned proximate the centerline of the hull positioned between the reverse chines.

18.    GSC's infringing products include, without limitation, its Equinox 6.6 kayak.

19.    GSC's infringement of the '142 Patent is without consent of, authority of, or license from Lifetime.

20.    By reason of the foregoing, Lifetime is entitled to injunctive and monetary relief, including attorneys' fees, against GSC pursuant to 35 U.S.C. §§ 283–285.

## SECOND CLAIM FOR RELIEF

### Infringement of the '860 Patent

21.    Lifetime restates, re-alleges, and incorporates by this reference the allegations contained in the preceding paragraphs as if fully set forth herein.

22.    GSC has directly infringed, continues to directly infringe, and unless and until enjoined by this Court, will continue to infringe, literally or under the doctrine of equivalents, at least Claim 1 of the '860 Patent by making, using, offering for sale, selling, or importing kayaks in this judicial district and elsewhere in the United States (directly or through intermediaries), which kayaks include, among other things, (i) a body with a bow and stern whose respective shapes are substantially different from each another, (ii) a hull, (iii) an open cockpit, (iv) a ramp behind the cockpit that slopes downwardly toward the stern of the kayak, and (v) a transom that forms a portion of the stern and which extends across a width of the kayak, and which transom defines an opening proximate the lower end of the ramp.

23.    GSC's infringing products include, without limitation, its Equinox 6.6 kayak.

24.    GSC's infringement of the '860 Patent is without consent of, authority of, or license from Lifetime.

25.    By reason of the foregoing, Lifetime is entitled to injunctive and monetary relief, including attorneys' fees, against GSC pursuant to 35 U.S.C. §§ 283–285.

## PRAYER FOR RELIEF

WHEREFORE, Lifetime requests that the Court grant Lifetime the following relief:

A.    A judgment finding GSC liable for infringement of the Patents;

B.    An order enjoining GSC, its agents and servants, and any and all parties acting in concert with any of them, from directly or indirectly infringing in any manner the Patents, whether by making, using, selling, offering to sell, or importing into the United States any kayaks falling within the scope of any claims of the Patents, pursuant to at least 35 U.S.C. § 283;

C.    An order requiring GSC to destroy its entire stock of infringing products within the United States, pursuant to at least 35 U.S.C. § 283;

D.    An award to Lifetime of its damages pursuant to at least 35 U.S.C. § 284;

E.    An award of prejudgment interest, pursuant to at least 35 U.S.C. § 284;

F.    An award of Lifetime's costs in bringing this action, pursuant to at least 35 U.S.C. § 284;

G.    A declaration that this is an exceptional case and an award of attorneys' fees and expenses, pursuant to at least 35 U.S.C. § 285;

H.    An award of post-judgment interest, pursuant to at least 28 U.S.C. § 1961(a); and

I.    All other relief which this Court in its discretion deems just, proper, and equitable.

## **JURY DEMAND**

Lifetime hereby demands a trial by jury on all issues so triable.

Dated this 29th day of March, 2016.

By: _/s/_ Michael J. Howell
    David R. Wright
    Kirk R. Harris
    Michael J. Howell
    MASCHOFF BRENNAN
    Attorneys for Claimant LIFETIME PRODUCTS,
    INC.